UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>)<br>GEORGE ROYLE V   ) | Case No.  2:18-cr-00165-JNL-1 |

**MOTION TO COMPEL DISCLOSURE OF ROUNDUP EMULE INFORMATION**

Defendant George Royle V ("Defendant"), by and through undersigned counsel, hereby moves this Court to compel disclosure of information material to his defense pursuant to Fed. R. Crim. P. 16, and states as follows.

The government claims to have collected evidence in this matter using a computer software program known as RoundUp Emule, which purports to scan a peer-to-peer file sharing network to identify internet protocol ("IP") addresses sharing illicit pornography. By this Motion, Defendant respectfully requests access to and disclosure of information about the version of RoundUp Emule that was purportedly used in the government's investigation of him.

    **A.**    **Background of RoundUp Emule Discovery to Date.**

The government claims it deployed RoundUp Emule from April through June 2015 to investigate Defendant's IP address. In its initial disclosure pursuant to Rule 16, the government produced three documents relating to its use of RoundUp Emule. One appears to be a screenshot of a "log" from RoundUp Emule that, according to the government, purports to show RoundUp Emule activities relating to Defendant's IP address between April and June 2015. The others appear to be step-by-step "logs" – one detailed and one abbreviated – of the purported download of a single video file from Defendant's IP address on June 29, 2015. These three documents

comprise the entirety of information the government has disclosed about its use of RoundUp Emule. Defendant has conducted a diligent search and, other than affidavits of uncertain relevance filed in other matters, has been unable to locate any publicly-available information about RoundUp Emule, much less the version the government purports to have used here.

> **B.     Additional RoundUp Emule Discovery Requested.**

Defendant seeks discovery under Rule 16 of information concerning RoundUp Emule because it is material to his defense for at least the following four reasons. *See e.g., United States v. Gonzalez*, No. CR-17-01311-001-PHX-DGC (D. Ariz. Feb. 19, 2019) (directing that government provide expert access to peer-to-peer investigation software); *United States v. Budziak*, 697 F.3d 1105 (9th Cir. 2012) (ordering disclosure of detailed information about investigative software).

*First*, the government contends the RoundUp Emule documents reflect Defendant having knowingly possessed and/or accessed with intent to view illicit material while using the computer the government seized when it executed a search warrant at Defendant's home. It is Defendant's understanding, however, that forensic examinations conducted by both the government (twice) and Defendant (once) of that computer have failed to locate any video file purportedly reflected in the RoundUp Emule documents the government disclosed. Information, documentation, and an expert's in-person access to the RoundUp Emule platform that was used in the investigation of Defendant are therefore necessary for Defendant to assess the reliability and credibility of the RoundUp Emule documents as evidence in the government's case-in-chief – including the manner in which the documents and the information they purport to contain was generated, and the actions a user took to generate such documents and information. In short, Defendant needs information and access sufficient to evaluate for himself what the RoundUp Emule documents purport to say.

That evaluation can only be conducted by obtaining a foundation of knowledge about the use and operation of the version of RoundUp Emule in question, and then having the opportunity to observe, test, and evaluate its operation first-hand.

*Second*, the three RoundUp Emule documents the government disclosed contain significant amounts of jargon specific to the RoundUp Emule software.[1] Defendant requires disclosure of information and documentation, such as user manuals and training materials, sufficient to decipher the meaning of this jargon and, thus, to understand precisely what the RoundUp Emule documents purport to show.

*Third*, the government has only disclosed step-by-step "logs" for a single purported RoundUp Emule "interaction" with Defendant's IP address, yet the third Roundup Emule document, a screen shot of a "log," purports to reflect multiple interactions. The government should be required to disclose *all* such step-by-step logs that exist, and/or materials sufficient to explain why no such documents exist.

*Fourth*, over the past several years, the government has given an evolving and inconsistent account of who used RoundUp Emule, and how it was used, over the course of the investigation of Defendant. The government originally claimed real-live human "agents" had used RoundUp Emule to "download" multiple illicit video files from Defendant's IP address. Later, the government claimed those agents had merely used RoundUp Emule to "observe" certain video files being "shared" from Defendant's IP address. Now, the government has indicated that no human agent likely used RoundUp Emule at all to "download" or "observe" anything, but rather, that the software operated "automatically" (it is not known under whose supervision), and that a

---

[1] For example, the April – June 2015 "log" contains columns with headings and potentially important data that cannot be understood without the aid of documentation explaining the precise meaning of the column headings and data entries.

3

government agent only began investigating Defendant after the software purportedly automatically downloaded a single video file from Defendant's IP address in June 2015. Disclosure of logs reflecting user login times, dates, and actions when RoundUp Emule was purportedly being used in this investigation, logs reflecting the software's settings during any time from April – June 2015 when RoundUp Emule was purportedly used in this investigation, and information explaining and reflecting the purportedly "automatic" operation of the software, are therefore material to finding the truth in the government's shifting accounts, and to discover who used the software and how it was used to generate the RoundUp Emule documents.

Accordingly, and for the foregoing reasons, Defendant respectfully requests that the government be ordered to give access of the version of RoundUp Emule used in the investigation of Defendant to an expert chosen by Defendant so that expert may evaluate (among other things) the operation, settings, logging, reliability, and credibility of RoundUp Emule and of evidence purportedly generated by the software in this case. Further, Defendant respectfully requests that the government be ordered to disclose reasonably in advance of giving that access:

- User manuals and training documentation for the version of RoundUp Emule software used in the investigation of Defendant sufficient to allow a typical user to understand and operate RoundUp Emule, and to read and understand the information contained in the RoundUp Emule documents already disclosed, including without limitation documentation detailing how that version of RoundUp Emule could be used in "manual" or "automatic" modes;

- Logs recording the use of RoundUp Emule software on the dates and times listed in the RoundUp Emule screen shot "log" showing, at a minimum, identifying

- information for each user, the actions each user took and/or that the software automatically took, and the settings of the software during such periods of use;

- Step-by-step logs of all purported interactions between the government's Roundup Emule software and Defendant's IP address and/or documentation explaining why no such logs exist;

- Documentation of all known bugs, problem areas, or deficiencies in the specific version of the RoundUp Emule software used in the investigation of Defendant, including information regarding any patches or fixes distributed for that version; and

- All records reflecting the destruction, intentional or otherwise, of any of the documents or records listed above.

WHEREFORE, for the foregoing reasons, Defendant respectfully that this Court order that the government provide to Defendant disclosure of evidence as noted above.

Date:  July 8, 2019

                        s/Walter F. McKee
                        WALTER F. MCKEE
                        McKee Law, P.A.
                        133 State Street
                        Augusta, ME.   04330
                        (207) 620-8294

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 8, 2019 I electronically filed the Motion to Compel Disclosure of Round Up Emule Information with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: United States Attorney's Office, Portland, Maine.

Date: July 8, 2019

                                      s/Walter F. McKee
                                      WALTER F. MCKEE
                                      McKee Law, P.A.
                                      133 State Street
                                      Augusta, ME.   04330
                                      (207) 620-8294